NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS PAUL TOSCANO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CONNECTICUT GENERAL LIFE<br>INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | Civil Action No. 05-4833 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon the Motion to Dismiss of Defendant Connecticut General Life Insurance Company ("CIGNA"). The Court has fully reviewed all documents filed and submitted and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Defendant's motion to dismiss.

**BACKGROUND**

Louis Paul Toscano ("Plaintiff" or "Toscano") is a former employee of AT&T. (Compl. at 2; Certification of Douglas E. Arpert, ("Arpert Cert.") ¶ 8.) Mr. Toscano claims that AT&T's long term disability plan was, at the time of his employment, managed by CIGNA. (Compl. at 2.) Mr. Toscano left AT&T as a result of a psychiatric disability, and sought long-term disability benefits from CIGNA. (Compl. at 2; Def. Br. at 1.) While CIGNA initially found Mr. Toscano eligible to receive long-term disability benefits, CIGNA eventually put an end to the payment of such benefits.

On July 6, 2001, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Warren County, alleging that CIGNA had wrongfully terminated his long-term disability benefits (the "First Complaint"). (Arpert Cert. Ex. B.)  That action (the "First Action") was then removed to this Court, where it was docketed under Civil Action No. 01-3669.  (*Id*. at ¶ 7.)  On January 8, 2002, the parties resolved the dispute by signing a Settlement Agreement and General Release (the "Settlement Agreement").  (*Id*. at Ex. C.)  Under the Settlement Agreement, CIGNA agreed to make monthly payments of disability benefits to Mr. Toscano in accordance with the terms of the AT&T Long Term Disability Plan for Occupational Employees.  (*Id.*)  Mr. Toscano also received a separate payment of $1,000 from CIGNA.  (*Id.*)

Having been informed that the First Action was to be settled, this Court entered an order on December 13, 2001 dismissing the action "without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated." (*Id*. at Ex. D.)  The matter was never reopened. On January 23, 2002, the parties filed a Stipulation of Dismissal with Prejudice stating that: "[t]he matter in difference in [the First Action] having been amicably adjusted by and between the Plaintiff and the Defendant [CIGNA,] it is hereby stipulated and agreed that the same be and it is hereby dismissed without costs against either party, with prejudice." (*Id*. at Ex. E.)

Notwithstanding the apparent resolution of the dispute, Mr. Toscano filed another Complaint in this Court on October 6, 2005 (the "Second Complaint").  *See* Compl.  On October 5, 2006, CIGNA moved this Court to dismiss the new action (the "Second Action" or the "Present Action") under Federal Rule of Civil Procedure 12(b)(6), on the grounds that it was invalidated by the doctrine of claim preclusion.

**DISCUSSION**

     **A.**     **Standard**

A rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 246 (1980). "The question before the court is not whether plaintiffs will ultimately prevail; rather, it is whether they can prove any set of facts in support of their claims that would entitle them to relief." *Mobile Dredging & Pumping Co. v. City of Gloucester*, No. 04-0624, 2005 U.S. Dist. LEXIS 16601, at *7 (D.N.J. Aug. 4, 2005), *citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff's allegations state a legal claim." *Mobile Dredging*, at *7, *citing Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

     **B.**     **Application**

CIGNA contends that Mr. Toscano, in light of the signed Settlement Agreement, is precluded under the doctrine of claim preclusion from asserting the claims set out in his Second Complaint. CIGNA concludes that Mr. Toscano's Second Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). This Court agrees.

"Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." *Churchill v. Star Enters.*, 183 F.3d 184,194 (3d Cir. 1999); *see also Saudi v. Acomarit*

*Maritimes Servs., S.A.*, 114 Fed. Appx. 449, 454 (3d Cir. 2004) (setting out three elements of claim preclusion). "Courts should not apply this conceptual test mechanically, but should focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out the same occurrence in a single suit." *Churchill*, at 194, *citing United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984).

"[U]nder the doctrine of [claim preclusion] a judgment entered in an action conclusively settles that action as to all matters that were or might have been litigated or adjudged therein." *Partmar Corp. v. Paramount Pictures Theatres Corp.*, 347 U.S. 89, 90-91 (1954). Moreover, "it is well settled, as a general proposition, that a judgment or decree, though entered by consent or agreement of the parties, [has preclusive power] to the same extent as if entered after contest." *Allegheny Int'l v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir. 1994), *quoting Keystone Bldg. Corp. v. Lincoln Savings & Loan Assoc.*, 360 A.2d 191, 194 n.6 (Pa. 1976) (citation omitted); *see also Nobel v. Morchesky*, 697 F.2d 97, 102 n.8 (3d Cir. 1982) (holding that a settlement agreement can preclude later actions when the district court terminates the action with prejudice.), *citing Bearoff v. Bearoff Brothers, Inc.*, 327 A.2d 72 (Pa. 1974).

Under the terms of the Settlement Agreement,

> Toscano agree[d] not to sue and to irrevocably and unconditionally remise, release, waive and forever discharge [CIGNA] from any and all claims, causes of action, damages, physical or mental injuries, loss of earnings or earning capacity, liabilities, expenses, fees and costs, including attorneys' fees and costs, which Toscano ever had, or now has, whether known or unknown, for any losses, damages, punitive damages, treble damages, injuries, indemnity, expenses and compensation of every kind or nature, whether anticipated or unanticipated, resulting from, arousing out of, connected directly or indirectly with or relating in any way to (i) the Plan under which Toscano was a participant and (ii) and all matters regarding the Plan and the benefits available thereunder,

>   including but not limited to breach of contract, breach of
>   warranties, deceptive trade practice, negligence, negligent
>   misrepresentation, negligent performance of contractual duties,
>   promissory estoppel, breach of the duty of good faith and fair
>   dealing, breach of ERISA duties, prima facie tort, claims for
>   benefits, claims for discrimination of any basis, claims for punitive
>   or consequential damages, violation of any statu[t]es, including
>   unfair trade practice acts and unfair insurance practice acts, or
>   statutory or administrative rules, regulations or codes, and claims
>   for equitable relief, including but not limited to claims for
>   reinstatement, declaratory judgment, resulting trust or constructive
>   trust and, without in any manner limiting the foregoing, from all
>   matters which are set forth or which might have been set forth in
>   the Complaint filed in the Civil Action . . . .

Arpert Cert. Ex. C, at ¶ 3(a).

As a threshold matter, the Court finds that the Second Action is barred under the plain meaning of the Settlement Agreement. "Settlement agreements are often treated as contracts, and basic contract principles apply." *Emerson Radio Corp v. Stelling*, 52 Fed. Appx. 173, 178 (3d Cir. 2002), *citing In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 193 (3d Cir. 2000). "[G]iven that fact, a court should endeavor to stay within the "four corners" of the agreement and abide by the plain meaning of what the parties have agreed to." *Emerson*, at 178, *citing New York State Elec. & Gas Corp. v. Federal Energy Reg. Comm'n*, 875 F.2d 43, 45 (3d Cir. 1989). The plain meaning of the Settlement Agreement at issue here unambiguously prevented Mr. Toscano from initiating the Second Action.[1]

---

[1] The Court notes that Mr. Toscano's attempt to have the Settlement Agreement voided – which this Court will interpret as a motion to relieve Mr. Toscano from final judgment under Federal Rule of Civil Procedure 60(b) – is untimely insofar as it seeks rescission of the Agreement on the basis of fraud. *See* FED. R. CIV. P. 60(b) ("The motion shall be made within a reasonable time, and for reason[ of fraud] *not more than one year* after the judgment . . . .") (emphasis added).

As for Mr. Toscano's attempt to have the Agreement rescinded on the grounds of ineffective assistance of counsel, the Court finds that Mr. Toscano has failed to

In addition, the Court finds that Plaintiff's Second Action is barred under the doctrine of claim preclusion as defined by the Third Circuit. First, Plaintiff cannot contest that the signing of the Settlement Agreement constituted a "final judgment" in his earlier suit against CIGNA. *See Weber v. Henderson*, 33 Fed. Appx. 610, 612 (3d Cir. 2002) (holding that "final judgment" for claim preclusion purposes occurred when district court approved settlement and dismissed the case.); *Grimes v. Vitalink Comm. Corp.*, 17 F.3d 1553, 1557 (3d Cir. 1994) ("When the parties in a pending case negotiate a settlement, the resulting court order dismissing the case is a final judgment in that lawsuit."). Indeed, the District Court ordered the matter closed on December 13, 2001 subject to reopening for good cause shown within 60 days, and received a stipulation signed by both parties on January 23, 2002 indicating that Mr. Toscano's first Complaint was "dismissed without costs against either party, with prejudice." Arpert Cert. Ex. E.

Second, it is beyond dispute that the parties to this action and the First Action are in privity. Mr. Toscano is the plaintiff, and CIGNA the defendant, in both matters.

Third, this Court finds that the two actions at issue are based on the same cause of action. The Third Circuit has consistently held that "[t]he determination of whether two suits are based

---

offer evidence sufficient to warrant such a rescission. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 631 (D.N.J. 1998) ("The remedy provided by Rule 60(b) is extraordinary, and only special circumstances may justify granting relief under it.") (quotations omitted), *quoting Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

Indeed, "[u]nder the standards set forth by the Supreme Court in *Strickland*, ineffective assistance of counsel is defined as deficient performance by counsel resulting in prejudice. Counsel's performance is measured against an objective standard of reasonableness under prevailing professional norms." *Dougherty v. Stickman*, No. 04-2286, 2005 U.S. App. LEXIS 24988, at *3 (3d Cir. Nov. 17, 2005), *citing Strickland v. Wash.*, 466 U.S. 668 (1984). Plaintiff's allegations fail to establish his counsel's failure to meet that standard.

on the same cause of action turns on the *essential similarity of the underlying events* giving rise to the various legal claims." *G.E. v. Deutz A.G.*, 270 F.3d 144, 158 (3d Cir. 2001) (emphasis added); *see also Churchill*, 183 F.3d at 195 (holding that the district court had "properly concluded that the case involved the same cause of action because the underlying events in both cases are the same, as the acts complained of were the same, and the evidence at the trial would have been the same.") (quotations omitted). Both of the Complaints filed by Mr. Toscano seek the same relief: (i) the payment by CIGNA of lost long-term disability income and (ii) the provision of long-term disability benefits on a going-forward basis. *See* Arpert Cert. Ex. A, B. Moreover, both Complaints relate to the same set of underlying events: the refusal of CIGNA, following Mr. Toscano's departure from AT&T, to provide him with continued long-term disability benefit coverage. Under the standard set out by the Third Circuit, the First and Second Actions are therefore undeniably based on the same cause of action.

      In light of the foregoing, the Court finds that, even viewing all evidence in light most favorable to non-movant, Plaintiff's Second Complaint is barred under the doctrine of claim preclusion. Plaintiff's Second Complaint must therefore be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's motion to dismiss. An appropriate form of Order accompanies this Opinion.

Dated: February 16, 2007

                                                    s/ Garrett E. Brown, Jr.
                                             GARRETT E. BROWN, JR., U.S.D.J.